IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES WILLIS, # K-83267, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00445-JPG |
| ) | |
| SALBADORE A. GODINEZ, ) | |
| RICHARD HARRINGTON, ) | |
| MARK M. GILLE, LORI OAKLEY, ) | |
| and TIMOTHY R. VEATH, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Charles Willis, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights following his involvement in a fight at Western Illinois Correctional Center ("Western") (Doc. 1). Plaintiff claims that he was punished with a 6-month contact restriction and a year of segregation, demotion to C-grade, and commissary restriction for a disciplinary ticket and hearing that violated his Fourteenth Amendment rights to due process and equal protection of the law. Plaintiff now sues Defendants Godinez (Illinois Department of Corrections ("IDOC") director), Harrington (Menard warden), Gille (Western intelligence officer), Veath (Menard adjustment committee chairman), and Oakley (Menard grievance officer) for these Fourteenth Amendment violations (Doc. 1, pp. 6-11). Plaintiff seeks expungement of his disciplinary record, injunctive relief, and monetary damages (Doc. 1, p. 12).

1

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  After carefully considering the allegations in the complaint, the Court finds that Plaintiff's claims are subject to dismissal under § 1915A.

**The Complaint**

According to the complaint and exhibits, Plaintiff was involved in an altercation with another inmate at Western on March 13, 2013[1] (Doc. 1, p. 15).  Plaintiff claims that he fought Inmate Crawford after the two "had words" (Doc. 1, p. 6).  Several confidential informants reported that a gang leader ordered Plaintiff to assault Inmate Crawford, and he did so with a "soap sock"[2] (Doc. 1, pp. 13, 15).  Based on the information provided by the confidential informants, a disciplinary ticket was issued for violent assault and gang activity on March 21st (Doc. 1, p. 13).  Plaintiff did not receive the ticket until twelve days later.

Plaintiff was transferred from segregation at Western to segregation at Menard on March 20th, one day before the disciplinary ticket was issued (Doc. 1, p. 6).  He attended a disciplinary hearing before Menard's adjustment committee on April 4th.  Defendant Veath, who served as the committee chairman, presided over Plaintiff's disciplinary hearing.  At the hearing, Plaintiff testified that no gang leader ordered the attack, and no weapon was used.  No witness testified that he saw or heard a gang leader order Plaintiff to carry out the assault.  Despite "a sufficient amount of evidence in the record" supporting a reduction in or dismissal of the charges, the adjustment committee was unwilling to reduce Plaintiff's violent assault charge to a fighting charge or dismiss the gang activity charge.  According to the complaint, the adjustment committee simply adopted the disciplinary report in its entirety and found Plaintiff guilty of assault (i.e., a reduction from violent assault) and gang activity.  As punishment, Plaintiff was given a 6-month contact restriction and a year of segregation, demotion to C-grade, and commissary restriction

---

[1] All of the events giving rise to this action occurred in 2013.
[2] "Soap sock" refers to a sock stuffed with a bar of soap for use as a weapon.

Plaintiff now challenges the findings of the adjustment committee on the following grounds: (1) the charge of violent assault should have been reduced to fighting because no credible testimony was offered to show that Plaintiff used a weapon in the fight (Doc. 1, p. 7); (2) the gang activity charge should have been dismissed because it was based on pure speculation that a gang leader ordered Plaintiff to carry out the attack (Doc. 1, p. 7); and (3) Defendant Veath violated Plaintiff's right to due process of law when he adopted the statements in the disciplinary report (Doc. 1, p. 8).

Plaintiff filed numerous grievances to address these alleged due process violations with officials inside and outside of Menard.  He filed grievances dated April 8th, June 23rd, and August 19th (Doc. 1, pp. 9-11).  According to the complaint, Defendant Oakley interfered with and/or denied them all.  Defendants Harrington and Godinez approved of the conduct of all defendants (Doc. 1, p. 10).

Plaintiff now sues Defendants Godinez, Harrington, Oakley, Veath, and Gille for violating his Fourteenth Amendment rights to due process and equal protection of the law. Plaintiff seeks expungement of his disciplinary record, injunctive relief, and monetary damages.

## Discussion

After carefully considering the allegations in the complaint, the Court finds that it articulates no colorable Fourteenth Amendment claim against Defendants and must be dismissed. This includes the procedural due process claim arising from Plaintiff's disciplinary hearing (**Count 1**), the procedural due process claim arising from Plaintiff's grievances (**Count 2**), and the substantive due process claim arising from Plaintiff's alleged denial of equal protection under the law (**Count 3**).

**Count 1 – Disciplinary Hearing**

The complaint does not suggest that Plaintiff was denied the right to procedural due process in connection with his disciplinary hearing (**Count 1**). Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty-four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

According to the complaint, Plaintiff received notice of the charges against him at least twenty-four hours before his disciplinary hearing. He appeared at the hearing, and he received a hearing summary. In addition, the complaint contains no allegation that Plaintiff was denied an opportunity to call witnesses. The first four *Wolff* requirements appear to have been satisfied.

Plaintiff instead challenges the sufficiency of the evidence against him. He takes issue with the statements of the confidential informants, whom Plaintiff does not consider to be credible sources of information. Although he alleges that the adjustment committee blindly

adopted the disciplinary report, Plaintiff admits that the adjustment committee reduced his violent assault charge to an assault charge. The evidence provided by the confidential informants, though meager in Plaintiff's opinion, is sufficient to satisfy *Wolff* and resulted in a reduction in Plaintiff's charges. Accordingly, **Count 1** shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Count 2 – Grievances**

The complaint states no claim for the denial of procedural due process arising from Defendants' interference with, or denial of, Plaintiff's grievances (**Count 2**). Plaintiff alleges that he filed grievances with officials inside and outside of Menard (Doc. 1, pp. 9-11). Each time, Defendant Oakley intercepted them and ultimately denied them. Defendants Godinez and Harrington condoned Defendant Oakley's conduct (Doc. 1, p. 10).

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Fourteenth Amendment Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). This is true whether Plaintiff is referring to the prison's internal grievance procedures or the IDOC's external grievance procedures.

Rather, the procedural due process right exists to ensure that prisoners and detainees can access the courts. *Id*. Plaintiff's invocation of the judicial process in this case demonstrates that Defendants have not infringed on his First Amendment right to petition the government for a redress of his grievances or his Fourteenth Amendment due process rights. *Id.*

6

(citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (D.C. Ill. 1982)). Accordingly, **Count 2** shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Count 3: Equal Protection**

Finally, Plaintiff's equal protection claim (**Count 3**) also fails. A "prison administrative decision may give rise to an equal protection claim only if Plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)). The allegations in support of this claim are vague and conclusory. Beyond alleging that Defendants violated his right to equal protection under the law, Plaintiff does not explain this claim. Under the circumstances, he has not pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, **Count 3** shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which is hereby **DENIED** as **MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1, 2,** and **3** are **DISMISSED with prejudice** from this action for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that **DEFENDANTS GODINEZ, HARRINGTON, VEATH, OAKLEY,** and **GILLE** are **DISMISSED with prejudice** from this action.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action

was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 16, 2014**

> *s/ J. Phil Gilbert*
> **U.S. District Judge**